UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORMAN JOHN CRAIG,<br><br>Petitioner,<br><br>v.<br><br>JOHN D'AGOSTINO,<br><br>Respondent. | No. 2:18-cv-2826 DB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Petitioner, an inmate housed in the El Dorado County Jail[1] proceeding pro se and in forma pauperis, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF Nos. 1, 5). The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. For the reasons stated below, the court will recommend that the matter be summarily dismissed.

I.  RELEVANT FACTS

On October 3, 2018, petitioner filed the instant petition in this court. (ECF No. 1). Precisely who the specific parties are is unclear. Petitioner names one John D'Agostino as a respondent. (See ECF No. 1 at 1). El Dorado County Jail is also listed in the case caption. (See

---

[1] It is unclear whether petitioner remains incarcerated at the El Dorado County Jail. A review of the petition indicates that petitioner had been sentenced to serve a 180-day sentence after being convicted of obstructing a peace officer in the discharge of his duty in violation of California Penal Code § 148(a)(1). (See ECF No. 1 at 3). At the time the petition was filed, petitioner anticipated his release date to be October 17, 2018. (See id.).

1

ECF No. 1 at 1). However, it is unclear whether the jail is listed with the intention of naming it as a separate party or if it is listed to simply identify where respondent D'Agostino works. Petitioner's statements identifying his grounds for relief do not clear up this question. (See ECF No. 1 at 5) (petitioner solely identifying "El Dorado Jail" as the actor depriving him of meaningful access to the courts). Nevertheless, irrespective of who or which entity petitioner intended to name as a respondent, at the core of petitioner's claim is that the accused party has failed to provide him with meaningful access to the courts, and that this violates both his civil rights and federal law.[2] (See ECF No. 1 at 5).

II. APPLICABLE LAW

A. Grounds for Summary Dismissal of Habeas Petition

An action filed under 28 U.S.C. § 2254 generally challenges the fact or the duration of a prisoner's sentence. See Preiser v. Rodriguez, 411 U.S. 475 500 (1973). A person in custody pursuant to the judgment of a state court can obtain a federal writ of habeas corpus "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Rule 4 of the Habeas Rules Governing Section 2254 Cases requires the court to summarily dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

B. Conversion to a Civil Rights Claim

When a prisoner files a habeas petition that attacks the conditions of his confinement, a district court may construe the petition as a civil rights action under 42 U.S.C. § 1983. See, e.g., Wilwording v. Swenson, 404 U.S. 249, 251 (1971), superseded by statute as stated in Woodford v. Ngo, 548 U.S. 81, 84 (2006). "[A] district court may construe a petition for habeas corpus to plead a cause of action under [Section] 1983 after notifying and obtaining informed consent from the prisoner." Nettles, 830 F.3d at 936 (brackets added). A district court may re-characterize a

---

[2] The petition also indicates that petitioner currently has other matters "pending" both in this court and in El Dorado County Superior Court. (See ECF No. 1 at 7). The matter pending in superior court is a habeas petition that challenges his sentence length, probation conditions, and legal representation. (See id.). The matter pending in federal court is a civil rights action filed pursuant to 42 U.S.C. § 1983 which alleges illegal home invasion, assault and battery and false imprisonment by police. (See id.).

2

habeas petition "'[i]f the complaint is amenable to conversion on its face, meaning that it names the correct defendants and seeks the correct relief.'" Id. (quoting Glaus v. Anderson, 408 F.3d 382, 388 (7th Cir. 2005)).

III.     DISCUSSION

The petition alleges that petitioner has been denied access to the courts. (See generally ECF No. 1). This is a challenge related to the conditions of petitioner's confinement, not one related to the fact or duration of his confinement. As such, the claims in this petition cannot not yield relief for petitioner under Section 2254. Furthermore, because it is unclear who petitioner intended to name as parties to this action, the action is not amenable to conversion on its face to a civil rights action under 42 U.S.C. § 1983. For these reasons, the court will not convert the petition. Instead, it will recommend that the action be summarily dismissed.

Accordingly, IT IS HEREBY ORDERED that the Clerk of Court:

1. Randomly assign a District Court judge to this matter, and

2. Serve a copy of the petition filed in this case together with a copy of these findings and recommendations on the Attorney General of the State of California.

IT IS FURTHER RECOMMENDED that the instant petition (ECF No. 1) be summarily DISMISSED pursuant to Rule 4 Governing Section 2254 Cases.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. §636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues. See 28 U.S.C. § 2253(c)(2). Any reply to the objections shall be served and filed within seven days after service of the objections. The parties are advised that failure to file

////

////

////

objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: November 2, 2018

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:13
DB/ORDERS/ORDERS.PRISONER.HABEAS/crai2826.156.summary.dism